**Belarmino Boac MUNAR;
et al., Petitioners,**

**v.**

Michael B. MUKASEY,* Acting
Attorney General,
Respondent.

No. 04–75464.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Dec. 3, 2007.

Camille O. Bowman, Esq., Richard M. Victorio, Law Offices of Michael J. Gurfinkel, Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Allen W. Hausman, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Boac Belarmino Munar, his wife, and four children (collectively, "petitioners") petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying petitioners' application for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We grant the petition as to the asylum claim and withholding of removal; we deny the petition as to the CAT claim.

■ Substantial evidence supports the BIA's conclusion that petitioners did not meet their burden to show past persecution on the basis of Munar's political opinion. Prosecution for participation in a coup attempt in a country that provides for peaceful democratic change is not persecution based on political opinion. *Chanco v. INS*, 82 F.3d 298, 302 (9th Cir.1996).

■ The evidence presented, however, does compel the conclusion that petitioners have established a well-founded fear of future persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The immigration judge found that Munar and his wife were credible. Munar has been in the United States continuously since 1988. Mrs. Munar testified that the Philippine government was aware Munar escaped to the United States. The Philippine government charged Munar with highway robbery and two bank bombings in 1991 in the Philippines—even though at all times during the commission of these crimes Munar was in the United States and could not have committed the crimes. Munar was not charged with aiding and abetting, nor with any other crime he could have committed from the United States. Thus, Munar was charged with crimes impossible for him to have committed.

Moreover, the newspaper articles petitioners presented—the authenticity or veracity of which the government did not challenge—establish that the Philippine authorities believed the bank bombings were perpetrated by "rightist terrorist groups," one of which the authorities accused Munar of leading. Thus, at least some of the crimes charged are underpinned by a claimed political motivation on the part of Munar.

"If there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person ... there arises a presumption that the motive for harassment is political." *Navas v. INS*, 217 F.3d 646, 660 (9th Cir.2000) (internal quotation marks and alteration omitted). Where, as here, the charges levied against petitioner clearly are manufactured, and the authorities have characterized in political terms the criminals who committed these crimes as "ultra-rightists," the *Navas* presumption of political motivation of harassment arises. The government produced no evidence to rebut this presumption, hence the evidence compels the conclusion that petitioners have met their burden to establish a well-founded fear of future persecution.

■ Petitioners' well-founded fear of persecution establishes their eligibility for asylum and—in view of Munar's prior arrest, detention, and escape from prison in the Philippines—make such persecution

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more likely than not to occur. We therefore remand to the Attorney General for the exercise of his discretion whether to grant asylum; withholding of removal shall be granted. We deny the petition as to petitioners' CAT claim; we cannot say the evidence compels the conclusion it is more likely than not petitioners will be tortured. 8 C.F.R. § 1208.16(c)(2).

**PETITION GRANTED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.